OAKLAWN NURSERIES, INC. *vs.* HAROLD RATUSH *et ux.*

FEBRUARY 6, 1959.

PRESENT: Condon, C.J., Roberts, Paolino and Powers, JJ.

ROBERTS, J. This action in assumpsit was brought to recover the balance due on book account for the performance by the plaintiff of certain landscape and similar work on the defendants' premises. The case was tried by a justice of the superior court, sitting without a jury, who rendered a decision for the plaintiff in the amount of $708.82. The case is here on the defendants' exception to such decision.

. The original writ asserted a claim in book account and included the common counts. In the superior court defendants filed an answer which made a general denial and added "that the Plaintiff ought not to maintain its action against the Defendants, because the Plaintiff did not perform its work to be done for the Defendants in a good and workmanlike manner * * *."

The plaintiff's case rested upon the testimony of one witness only. Anna Williams, bookkeeper for the plaintiff company, testified that between October 1954 and June 1955 in the ordinary course of business she made various entries on the original ledger sheet of the account with defendants; that on certain occasions between May 20 and late August or early September 1955 she had conversations with defendant Harold Ratush; and that on May 21, 1955 said defendant acknowledged the balance due at that time which he agreed to pay as soon as plaintiff had cut the lawn on the premises. This work was performed on that same day. She also testified that on June 7, 1955 he agreed to pay the balance, and on June 8 "He said he was going to pay * * * in a few days." According to her testimony, she spoke to him again on August 19, 1955, at which time he stated: "I will take care of it within a couple of weeks."

The evidence on behalf of defendants consisted of testimony and exhibits in the form of photographs showing that the landscape work was improperly performed and was substantially less than the contract required. The original con-

tract was admitted in evidence. The testimony, including the expert opinion of a landscape architect, showed that the grading of defendants' lawn, for which plaintiff was responsible under its contract, was performed in an unworkmanlike manner resulting in a condition which would be likely to damage the foundation of their house. Most of the evidence pertained to plaintiff's performance of the landscape work.

The trial justice found that plaintiff's performance of the original agreement was defective. However, he felt that it was incumbent upon defendants to prove the extent of the damage caused by the defective work. Because there was no evidence before him as to the extent of defendants' damage, he concluded that he had no choice except to award the full amount of the book account claim plus interest. He reduced this claim by nominal damages of $1 which he awarded to defendants as compensation for plaintiff's partial failure to perform its contract.

The sole exception before us is to the trial justice's award of the full amount of plaintiff's claim. The defendants contend that, having found that plaintiff's performance of the original contract was incomplete, the trial justice erred in awarding the full amount of the book account claim. They argue that an action cannot be maintained on a contract unless the plaintiff has fully performed. They further maintain that on the evidence in this case plaintiff could recover only upon a quantum meruit, in which event it would be required to prove the value of its services. Admittedly, plaintiff did not establish the value of its services to the extent required for a quantum meruit recovery.

We think that defendants' argument misconceives the nature of an action in book account. The principal question is whether plaintiff's book account claim may be barred or reduced by a partial failure of consideration in the performance of the original contract. The plaintiff established that the specific amount of the balance due on the account

was agreed to by defendants and that they promised to pay such amount. This gave rise to an account stated between the parties. *Sharp* v. *Rhode Island Hospital Trust Co.*, 68 R. I. 248; *Philip Allen & Sons* v. *Woonsocket Co.*, 11 R. I. 288. Thus, the contract in issue is not the original agreement to perform landscape work, but rather is the subsequent promise to pay the balance due on the account. Once an account has been stated the original obligation is in effect discharged and a new duty arises to pay the sum agreed upon. 2 Restatement, Contracts, §422, p. 793.

The nonperformance on the part of plaintiff which was found by the trial justice constituted a partial failure of consideration as to the *original agreement*. However, it is not this agreement upon which plaintiff is proceeding in this action. In order to successfully defend against the book account action, defendants must directly attack the subsequent promise which comprises the account stated. See 6 Williston, Contracts §1864, p. 5236. Therefore, we cannot agree with defendants' statement in their brief that this is in reality an action to recover the balance due under the contract brought as a book account action "as plaintiff chose for convenience to call it * * *." The contract in issue here is a completely separate one from the agreement to perform the landscape work. The distinction between an action in assumpsit on a contract to perform services and supply materials and an action in assumpsit on a book account is considerably more than a distinction of technical "convenience."

The defendants place considerable reliance on the case of *Zuccaro* v. *Frenze*, 76 R. I. 391. In that case a contractor sought to recover in assumpsit the balance due on an agreement to construct a building. The trial justice had awarded him the entire balance due notwithstanding a finding that he had not fully performed his part of the agreement. This court granted a new trial because of the trial justice's failure to make allowance to the owner for the par-

330

tially defective performance by the contractor. We do not think that the *Zuccaro* case applies to the case at bar. It appears that in that case the contractor brought an action on the original construction contract and it was not treated by this court as a book account claim. Thus, substantial performance by the contractor was a condition precedent to recovery of the contract price. See *Pelletier* v. *Masse,* 49 R. I. 408.

In our opinion the plaintiff in the instant case has sufficiently established the existence of a book account claim. The partial failure of consideration in the original agreement does not affect the plaintiff's right to recover the full amount of that claim. Therefore the trial justice did not err in awarding the full amount of the claim. Since that is the only issue before us, it is unnecessary to consider the propriety of the award of nominal damages to the defendants.

The defendants' exception is overruled, and the case is remitted to the superior court for entry of judgment for the plaintiff on the decision.

*Fergus J. McOsker,* for plaintiff.

*Adler & Pollock, Edward A. Lewis,* for defendants.